UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH PROCHASKA, PATRICK SANDOVAL, TINA ROGERS, SHARMEE T. ANDERSON, and RUSSELL J. QUINN, as individuals on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>MAZDA MOTOR OF AMERICA, INC., a California corporation; and DOES 1 through 100, inclusive,<br>Defendants. | Case No.: 26-cv-2777-RSH-MSB<br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br>[ECF Nos. 3, 5] |

On May 1, 2026, defendant Mazda Motor of America, Inc. removed this action from the Superior Court of the State of California for the County of San Diego to this Court based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). ECF No. 1. On May 7, 2026, Defendant filed a motion to transfer venue from this district to the Central District of California under 28 U.S.C. § 1404(a). ECF No. 3. On June 1, 2026, Plaintiffs filed a motion to remand. ECF No. 5. The motions have been fully briefed. *See* ECF Nos. 4, 6, 7, 10.

As set forth below, the Court denies Plaintiffs' motion (ECF No. 5) and grants

Defendant's motion (ECF No. 3).

## I. BACKGROUND

On September 28, 2025, plaintiff Prochaska, an Illinois resident, filed a class action lawsuit in the Superior Court for the State of California for the County of San Diego. ECF Nos. 1 at 1; 1-3 ¶ 11. On December 23, 2025, Plaintiffs filed a First Amended Complaint ("FAC") including five named plaintiffs who were residents of Illinois, California, Minnesota, and Georgia. ECF No. 1-3 at 1-4. The FAC brings claims by Plaintiffs for: (1) strict products liability; (2) strict liability design and manufacturing defect; (3) breach of express and implied warranties; and (4) negligent product liability. *See id.* at 16-20. The FAC also brings putative class claims for: (1) negligent misrepresentation; (2) common law fraud; and (3) unfair business practices under Cal. Bus. & Prof. Code § 17200 *et seq*. *See id.* at 20-23. Plaintiffs seek to represent two classes, (1) the "California Class," and (2) the "Nationwide Class," respectively consisting of: "all citizens of the State of California who purchased the Vehicles while residing in California[,]" and "all residents in the United States who purchased the Vehicle and/or used the Vehicle between January 2023 and December 2025." *See id.* ¶ 187. On December 23, 2025, the same day the FAC was filed, Defendant filed a Motion to Transfer Venue to Orange County on the grounds that venue in San Diego County Superior Court was improper. *See* ECF No. 1-4 at 3.

Defendant filed a notice of removal on May 1, 2026, asserting that CAFA vested this Court with original subject matter jurisdiction because the size of the putative class exceeds 100, the parties are minimally diverse, and the amount in controversy exceeds $5 million. ECF No. 1 at 5.

Plaintiffs move the Court to remand this action to state court on the grounds that: (1) the home state exception applies; (2) "interest of justice" discretion warrants remand; and (3) Defendant's notice of removal was untimely and a product of forum manipulation and waiver. *See* ECF No. 5-1 at 10.

Defendant moves to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a). ECF No. 3 at 1-2.

## II. MOTION TO REMAND

### A. Legal Standard

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Under 28 U.S.C. § 1441, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see* 28 U.S.C. § 1441(a). "[R]emovability is generally determined as of the time of the petition for removal[.]" *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988).

The Class Action Fairness Act "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (quoting 28 U.S.C. §§ 1332(d)(2), (5)(B)). There is no presumption against removal jurisdiction in CAFA cases. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The burden of establishing removal jurisdiction rests on the removing party. *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006)).

### B. Discussion

The Parties do not dispute that CAFA's jurisdictional requirements of minimum diversity, class numerosity, or amount in controversy have been met. *See* ECF Nos. 1 ¶ 22; 5-1 at 15-16. Plaintiffs' motion to remand argues that under 28 U.S.C. § 1332(d), the home state exception, or alternatively, the "interest of justice" discretionary exception warrants remand. *See* ECF No. 5-1 at 10-15. Plaintiffs also seek to remand the case on the grounds that Defendant's notice of removal was untimely and a product of forum manipulation and waiver. *See id.* at 15-20.

///

### 1. *Home State Exception*

The home state controversy exception to CAFA states that:

> A district court shall decline to exercise jurisdiction under [CAFA] . . . [where] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B). The purpose of this exception is to ensure "that aggregate actions with substantial ties to a particular state remain in the courts of that state[,]" despite CAFA's general objective of ensuring federal jurisdiction over class action disputes. *Allen v. Boeing Co.*, 784 F.3d 625, 630 (9th Cir. 2015).

Plaintiffs bear the burden of establishing that (1) two-thirds or more of the members of the proposed class, in the aggregate, are citizens of California; and (2) Defendant is a citizen of California. The parties do not dispute that Defendant is a citizen of California. *See* ECF Nos. 1 ¶ 32; 5-1 at 11. Therefore, the Court's analysis focuses on whether Plaintiffs have met their burden to demonstrate that at least two-thirds of their proposed class members are California citizens.

Plaintiffs argue that the home-state exception to CAFA applies to this case because the "proposed class is overwhelmingly comprised of California citizens[.]" ECF No. 5-1 at 13. The Court agrees that the "California Class" is, by definition, made up of California citizens. *See id.* at 12; ECF No. 1-3 ¶ 187. The analysis thus turns on the citizenship of the nationwide class. *See* ECF No. 1-3 ¶ 187. Plaintiffs contend that "the home state analysis must take into account the 'aggregate' membership and the realistic geographic distribution of purchasers." *See* ECF No. 5-1 at 12 (citing *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220-21 (9th Cir. 2020); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884-86 (9th Cir. 2013)). Plaintiffs argue that because "California is the most populous state, the state with the largest concentration of Mazda dealerships in the country, and the state where Defendant has its headquarters and primary distribution network" the Court should infer that two-thirds or more of the proposed class as a whole are California citizens. ECF No. 5-1 at 12-13. The Court is not persuaded. Defendant's sales data of the at-issue vehicles

reflects 328,423 vehicles sold nationwide, compared to 38,030 vehicles sold in California, approximately 12% of the total. ECF No. 7 at 5-6. Plaintiffs respond that where the vehicles were sold does not indicate citizenship of the class members. ECF No. 10 at 7. But Plaintiffs fail to produce any evidence of citizenship of the members of the nationwide class. *See Adams*, 958 F.3d at 1221 ("[T]he moving party must provide *some* facts in evidence from which the district court may make findings regarding class members' citizenship.") (citation omitted). The Court concludes that Plaintiffs have failed to meet their burden of establishing that at least two-thirds of the proposed class members are citizens of California.

**2. *"Interest of Justice" Exception***

Plaintiffs argue remand is separately warranted under 28 U.S.C. § 1332(d)(3), the "interest of justice" discretionary exception. *See* ECF No. 5-1 at 13-15. This exception gives a district court the discretion to decline jurisdiction, "in the interests of justice and looking at the totality of the circumstances," where greater than one-third but less than two-thirds of the proposed class members and the primary defendants are citizens of the forum state. 28 U.S.C. § 1332(d)(3). Plaintiffs provide no evidence of the citizenship of the members of the nationwide class.

For the same reasons as stated above, Plaintiffs have also not met their burden in establishing that more than one-third of the proposed class members are citizens of the forum state.

**3. *Timeliness of Removal***

Plaintiffs also seek to remand the case on the grounds that Defendant's notice of removal was untimely. ECF No. 5-1 at 15-18. "The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Kuxhausen v. BMW Fin. Servs. NA Ltd. Liab. Co.*, 707 F.3d 1136, 1139 (9th Cir. 2013). Under 18 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Additionally, "if the case stated by the initial

pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 18 U.S.C. § 1446(b)(3).

Plaintiffs argue that the thirty-day deadline to remove runs from December 23, 2025, when Defendant was served with Plaintiffs' FAC, and Defendant "did not need [a] repair quote, its own sales records, or any 'assumptions-driven calculation'" to ascertain removability. ECF No. 10 at 3; *see* ECF No. 5-1 at 17. Plaintiffs contend that the following allegations demonstrate, on the face of the FAC, that the amount in controversy requirement is met: (1) "'tens of thousands' of consumers purchased the Vehicles at full retail prices," (2) "that they were worth 'significantly less' than represented," and (3) that "Plaintiffs seek compensatory damages, restitutionary disgorgement of amounts paid, statutory and punitive damages, and attorneys' fees." ECF No. 10 at 3. The Court disagrees. Plaintiffs' FAC does not enumerate the putative class's claimed damages and does not set forth a basis for estimating that the damages or restitution sought exceeds $5 million. *See* ECF No. 1-3; *Parra v. Gen. Motors LLC*, No. 2:25-CV-07316-SPG-JC, 2025 WL 3201870, at *3 (C.D. Cal. Nov. 14, 2025) ("[A]bsent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline."). The FAC's allegations that the vehicles at issue were worth "significantly less[,]" without more, does not meet the threshold. *See* ECF No. 1-3 ¶ 8.

Plaintiffs separately argue that the allegations in the FAC, combined with sales data outside the FAC but within Defendant's knowledge and control, established the removability of the FAC and immediately upon service began the running of the 30-day window for removal. *See* ECF No. 5-1 at 15-17. However, this argument is precluded by the Ninth Circuit's decision in *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013). *Roth* held that where an initial pleading is "indeterminate" as to removability—that is, where "[i]t did not reveal on its face . . . that there was sufficient

amount in controversy to support jurisdiction under CAFA"—"a defendant does not have a duty of inquiry." *Id.* at 1125. *Roth* stated that the removal statutes "permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Id.*

In *Kuxhausen*, the Ninth Circuit stated that the removal statute "requires a defendant to apply a reasonable amount of intelligence in determining removability." 707 F.3d at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). The Ninth Circuit gave, as an example of that duty, "[m]ultiplying figures clearly stated in a complaint," including multiplying the number of class members with the amount in controversy for each class member. *Id.* But the court added that the defendant "was not obligated to supply information which [the Complaint] omitted." *Id.* at 1141. The Ninth Circuit continued:

> The fact remains, however, that we "don't charge defendants with removability until they've received a paper that gives them enough information to remove." This principle helps avoid a "Catch-22" for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings. . . . Thus, because nothing in [the plaintiff's] complaint "indicate[d] that the amount demanded *by each putative class member* exceed[ed] $25,000" it fell short of triggering the removal clock under Section 1446(b).

*Id.* (citations omitted). Defendant was not, upon service of the FAC here—that was indeterminate as to removability—required to consult its sales data and file its notice of removal within 30 days.

Plaintiffs also argue that "[t]he chronology of Defendant's conduct" reflects a forum manipulation strategy, of which removal "is Defendant's latest move[.]" ECF No. 5-1 at 19. The Court is not persuaded. In *Roth,* the Ninth Circuit recognized that "in some diversity cases, defendants will be able to take advantage" of the indeterminacy of the complaint, and "may sometimes be able to delay filing a notice of removal until it is strategically advantageous to do so." *Roth*, 720 F.3d at 1226. The Court of Appeals

continued: "plaintiffs are in a position to protect themselves. If plaintiffs think that . . . the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained." *Id.*

Finally, Plaintiffs argue Defendant was required to file its notice of removal within thirty days after being served with a production of records on March 13, 2026. ECF No. 5-1 at 17. This production included a document showing damage to plaintiff Prochaska's car seat and a service record of the work performed by the dealership. *Id*. The Court agrees with Defendant that this production did not trigger the removal clock because the document did not identify any cost for the repairs, and Defendant would have to use its own records to try to ascertain the cost. *See* ECF Nos. 5-7; 7 at 7-8; *Kuxhausen*, 707 F.3d at 1141.

On April 3, 2026, the first monetary figure associated with the damage was provided during discovery in a repair estimate from plaintiff Quinn. *See* ECF Nos. 1 ¶¶ 14-15; 1-7 at 13-14. Defendant's notice of removal alleges that the amount in controversy—based on a calculation of the total number of vehicles at issue multiplied by the value of the repair estimate—amounted to $662,492,128.17. *See* ECF Nos. 1 ¶ 40; 1-7 at 13-14. Defendant's removal was not untimely.

**4. *Waiver***

Plaintiffs contend that remand is appropriate because Defendant waived its right to remove by "[f]iling a substantive or transfer motion in state court" and "engaging in affirmative state-court discovery[.]" ECF No. 5-1 at 18-19. Defendant contends that it did not waive its right to remove the case because "removability was not ascertainable until Defendant received Plaintiff Quinn's April 3, 2026, discovery responses." ECF No. 7 at 9.

A party "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (citations omitted). "A waiver of the right of removal must be clear and unequivocal." *Id.*

Generally, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.* (quotation omitted).

As discussed above, the FAC was indeterminate as to removability. There is no evidence that Defendant took subsequent actions after it was apparent that the case was removable in state court that "manifest[ed] . . . intent to have the matter adjudicated there" or "abandon[ed] . . . [the] right to a federal forum." *See id.* A waiver of the right of removal is neither clear nor unequivocal in this case.

## III. MOTION TO TRANSFER VENUE

### A. Legal Standard

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" The decision is left to the discretion of the district court. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). It requires an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988).

Courts consider several factors in determining whether to transfer a case, including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009). "The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Id.* at 1131.

### B. Discussion

Defendant does not dispute that venue is proper in this district, and Plaintiffs do not dispute that its civil action could have been brought in the Central District of California. *See* ECF Nos. 3, 4, 6. The question whether to transfer is therefore one for the Court's discretion, considering the relevant factors.

First, Plaintiffs' choice of forum was the Superior Court of the State of California

for the County of San Diego. *See* ECF No. 1-3. The Parties dispute the degree of deference that should be given to Plaintiffs' choice. *See* ECF Nos. 3-1 at 7-8; 4 at 10-12. "The deference to the plaintiff's choice is reduced (1) in a class action spanning multiple states and (2) when the plaintiff does not reside in or have significant connections to the forum." *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1042 (S.D. Cal. 2023) (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). This case is a putative class action with a nationwide class, none of the named plaintiffs currently reside in this district, and none of the named plaintiffs' injuries occurred or were treated in this district. *See* ECF Nos. 1-3 at 7-15; 3-1 at 8. The only connection is that plaintiff Anderson purchased her vehicle at issue in this district and formerly resided here before moving to Utah. *See* ECF Nos. 3-1 at 8; 4 at 11-12. Plaintiffs' choice of forum is thus afforded limited weight in this analysis.

The convenience of the parties and witnesses favors transfer. Defendant is a California corporation with its principal place of business in the Central District of California. *See* ECF No. 1-3 ¶ 21. Plaintiff Sandoval resides in the Central District of California. *See id.* ¶ 15. All other named plaintiffs reside outside of California. *See* ECF Nos. 1-3 at 3-4; 3-1 at 8. Plaintiffs argue that "at all relevant times, Plaintiff Anderson was a resident of San Diego County[,]" but it is unclear to the Court how proceeding in this district would be more convenient for plaintiff Anderson, who presently resides in Utah. ECF No. 4 at 11-12; *see* ECF No. 3-1 at 8. Plaintiff Sandoval also identified several third-party witnesses located in the Central District of California, including multiple dealerships and treatment providers. *See* ECF Nos. 1-3 at 11-12; 6 at 3. The only identified third-party witness located in the Southern District of California is the dealership where plaintiff Anderson purchased her vehicle at issue. ECF No. 1-3 ¶ 61. On balance, convenience of the parties and witnesses favors transfer to the Central District.

The location of books and records slightly favors transfer. The Court agrees with Plaintiffs that "[e]ase of access to evidence is generally not a predomin[ant] concern in evaluating whether to transfer venue because of 'advances in technology have made it easy for documents to be transferred to different locations.'" ECF No. 4 at 14 (quoting *Byler v.*

*Deluxe Corporation*, 222 F. Supp. 3d 885, 906-07 (S.D. Cal. 2016)). Although it is not a predominant consideration, the Court gives some weight to Defendant's argument that, "records[] and documents relating to the design, testing, marketing, warranty handling, and customer communications concerning the subject vehicles are . . . expected to be located within the Central District" where Defendant's principal place of business is located. ECF No. 3-1 at 9-10; *see Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013) ("[M]ost of the evidence in this litigation will be derived from [defendant's] corporate records. As such, much of the documentary evidence in this case . . . is likely located at [defendant's] headquarters.").

Transferring the case at this stage would not disserve the interests of justice. Plaintiffs argue that the interests of justice weigh against transfer because "Plaintiffs and the state court have already invested substantial resources in this litigation and transfer now would only generate unnecessary delay." ECF No. 4 at 15-16. The Court is not persuaded. This litigation is still at an early stage, and transfer at this time would not be unnecessarily disruptive. The Court also concludes that the Central District, where Defendant's principal place of business is located, has a "greater interest in the outcome of this action." *Rock & Roll Religion, Inc. v. Cels Enters., Inc.*, No. 08CV2347 BEN (WMC), 2009 WL 10650500, at *2 (S.D. Cal. July 16, 2009) (finding that the transferee district had a local interest because the parties' principal place of business was located there).

Finally, administrative considerations primarily look to "whether a trial may be speedier in another court because of its less crowded docket." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1167 (S.D. Cal. 2005) (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984)). The Central and Southern Districts maintain a similar amount of total filings per judgeship.[1] This factor favors neither granting nor denying a transfer.

---

[1] *See* Admin. Office of the U.S. Courts, *U.S. District Courts — Judicial Business 2026* tbl.X-1A (June 30, 2026), https://www.uscourts.gov/data-news/data-tables/2026/06/30/statistical-tables-federal-judiciary/x-1a.

Similarly, the factor regarding "which forum's law applies" is neutral regarding transfer from one California district court to another.[2]

Considering all of the above factors, the Court finds that Defendant has met its burden of establishing that transferring venue to the Central District of California would allow the case to proceed more conveniently and better serve the interests of justice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand to state court [ECF No. 5] is **DENIED**.

Defendant's motion to transfer venue [ECF No. 3] is **GRANTED**. This case is hereby transferred to the United States District Court for the Central District of California.

**IT IS SO ORDERED**.

Dated: August 13, 2026

Hon. Robert S. Huie
United States District Judge

---

[2] The Court is not persuaded by Plaintiffs' additional arguments: (1) that there is "Related Litigation" in San Diego County Superior Court with the same operative facts; or (2) that "Defendant itself initially agreed to litigate these facts in San Diego when it stipulated to the transfer of the Related Litigation." ECF No. 4 at 11. That litigation does not bear on the present case because it is a separate action pending in a different court and brought by a different named plaintiff.